# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket Nos. 51406/51407

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | **Filed: June 2, 2025** |
| Plaintiff-Respondent, | ) | |
| | ) | **Melanie Gagnepain, Clerk** |
| v. | ) | |
| | ) | **THIS IS AN UNPUBLISHED** |
| JANELL MARIE MARTINEZ, | ) | **OPINION AND SHALL NOT** |
| | ) | **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John T. Mitchell, District Judge.

Orders relinquishing jurisdiction in Docket Nos. 51406 and 51407, affirmed; judgment of conviction and unified sentence of seven years, with a minimum period of confinement of three years, for possession of a controlled substance in Docket No. 51407, affirmed.

Erik R. Lehtinen, State Appellate Public Defender; Jacob L. Westerfield, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

---

Before HUSKEY, Judge; LORELLO, Judge;
and TRIBE, Judge

---

PER CURIAM

This appeal involves two consolidated cases. In Docket No. 51406, Janell Marie Martinez pled guilty to possession of a controlled substance. Idaho Code § 37-2732(c)(1). In exchange for her guilty plea, an additional charge that she is a persistent violator was dismissed. The district court sentenced Martinez to a unified term of four years, with a minimum period of confinement of two years. However, the district court suspended the sentence and placed Martinez on probation for four years. Subsequently, Martinez admitted to violating the terms of probation. Consequently, the district court revoked probation, ordered execution of the original suspended sentence, and retained jurisdiction (rider). After the period of retained jurisdiction, the district

1

court suspended the sentence and placed Martinez on probation for three years. Subsequently, Martinez admitted to violating the terms of probation. Consequently, the district court revoked probation, ordered execution of the original suspended sentence, and retained jurisdiction. After the second period of retained jurisdiction, the district court suspended the sentence and placed Martinez on probation for three years. Subsequently, Martinez admitted to violating the terms of probation. Consequently, the district court revoked probation, ordered execution of the original suspended sentence, and retained jurisdiction for a third time.

In Docket No. 51407, Martinez pled guilty to possession of a controlled substance. I.C. § 37-2732(c)(1). In exchange for her guilty plea, additional charges were dismissed and the State agreed not to file a persistent violator enhancement. The district court sentenced Martinez to a unified term of seven years, with a minimum period of confinement of three years, and retained jurisdiction.[1]

Subsequently, the rider program manager asked the district court to relinquish jurisdiction in both cases. The district court relinquished jurisdiction in both cases. In Docket No. 51407, Martinez appeals, arguing that her sentence is excessive. In Docket Nos. 51406 and 51407, Martinez argues the district court abused its discretion by relinquishing jurisdiction.

In Docket No. 51407, Martinez contends that her sentence is excessive. Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020). Applying these standards, and having reviewed the record in Docket No. 51407, we cannot say that the district court abused its discretion.

---

[1]     This sentence was ordered to run consecutively to all other of Martinez's sentences.

Next, Martinez asserts the district court abused its discretion by relinquishing jurisdiction in Docket Nos. 51406 and 51407. We note that the decision to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The records in these cases show that the district court reviewed the Addendum to the PreSentence Investigation report, which recommended the district court relinquish jurisdiction because Martinez was "found to be using mood altering substances" for which she had no prescription and for which she received a class B disciplinary offense. The district court further clarified that the mood altering substance was methamphetamine and that Martinez tested positive for methamphetamine while in custody on her rider. The district court also considered the "serious nature" of the underlying probation violation and the fact that Martinez committed new felonies while on felony probation. The district court properly considered the information before it and reached its decision to relinquish jurisdiction by an exercise of reason when it determined that probation was not appropriate. We hold that Martinez has failed to show that the district court abused its discretion in relinquishing jurisdiction.

Therefore, Martinez's judgment of conviction and sentence in Docket No. 51407 and the district court's orders relinquishing jurisdiction in Docket Nos. 51406 and 51407, are affirmed.